**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Hugo ROJAS, Defendant—Appellant.**

No. 02–50314.

D.C. No. CR–01–00660–WDK–1.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2003.*

Decided Nov. 26, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Ronald L. Cheng, Jason De Bretteville, USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Karen L. Landau, Esq., Oakland, CA, for Defendant–Appellant.

Before FISHER and BYBEE, Circuit Judges, and MAHAN, District Judge.**

MEMORANDUM***

Defendant Hugo Rojas appeals his conviction, following a three day jury trial, of three counts of passing counterfeit obligations and securities in violation of 18 U.S.C. § 472. On July 17, 2001, a federal grand jury returned a three-count indictment against Rojas charging him with passing counterfeit obligations and securities of the United States. At trial, the government presented evidence that on three occasions in January 2001, Rojas passed counterfeit $5, $10, and $20 federal reserve bills at three separate coin-operated laundromats in Oxnard, California. In each instance, the respective owner of the laundromat discovered his automated change machine had been emptied and replaced with counterfeit currency. The counterfeit bills, which shared only a few serial numbers, totaled $3,095.

The district court sentenced Rojas to thirty months imprisonment on June 11, 2002. Rojas filed a timely appeal on June 17, 2002. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

On appeal, Rojas challenges the admission of his prior bad acts. Rojas also argues that the prosecutor engaged in misconduct by (1) vouching for the credibility of an expert witness, (2) eliciting inadmissible testimony from Agent Giles, and (3) arguing in closing that Rojas' prior conviction for passing counterfeit currency established that Rojas committed the crime in this case.

We review the alleged misconduct for plain error because Rojas failed to object to the conduct at trial. *United States v. Percy*, 250 F.3d 720, 728 (9th Cir.), *cert. denied*, 534 U.S. 1009, 122 S.Ct. 493, 151 L.Ed.2d 405 (2001). In addition, we review the trial court's decision to admit Rojas' prior bad acts for an abuse of discretion. *See United States v. Danielson*, 325 F.3d 1054, 1075 (9th Cir.2003). We conclude that there was no plain error or abuse of discretion, and we affirm.

■ The prosecutor did not improperly vouch for the government's fingerprint expert. The prosecutor asked the expert, "In your 23 years of experience as a fingerprint examiner, have you ever been wrong?" Although this question may call for speculation, it does not constitute vouching because the prosecutor did not make personal assurances of the expert's veracity or indicate that evidence not presented in court supports the truth of the expert's testimony. *See United States v. Daas*, 198 F.3d 1167, 1178 (9th Cir.1999). Moreover, the witness' spontaneous answer that he would not have a job if he had made a mistake does not transform the prosecutor's question into misconduct.

■ In addition, during the trial, Secret Service Special Agent Giles testified that the Secret Service maintains a database that tracks known counterfeit currency by serial number and a corresponding "rapid print number." Special Agent Giles also testified that a Secret Service computer search revealed that during the week be-

---

** The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fore the event in this case, 136 counterfeit notes with the same serial numbers as those here were passed immediately before Rojas' arrest. The computer search also revealed that no substantial passages occurred after Rojas' arrest. Defense counsel made no objections to this testimony.

Although Rojas did not object to Special Agent Giles' testimony concerning the Secret Service database at trial, Rojas now argues that the testimony is inadmissible. Even though this testimony meets the definition of hearsay, it was properly admitted because it fell within the public records exception to the hearsay rule contained in Federal Rule of Evidence 803(8). Thus, there was no prosecutorial misconduct in eliciting the testimony concerning the Secret Service database. In any event, it was harmless given uncontested evidence of Rojas' fingerprints on some of the money.

█ Also, the government sought to introduce evidence of Rojas' prior misconduct, which involved his prior manufacturing and passing of counterfeit currency, supposedly to show identity, intent, and knowledge. The defense sought to exclude the evidence arguing that the similarity between the prior act and the current offense caused its prejudicial effect to outweigh the probative value. The district court admitted the evidence. Rule 404(b) of the Federal Rules of Evidence allows evidence of prior bad acts if the evidence is used for purposes such as motive, identity, intent, or knowledge. Evidence that is admissible under Rule 404(b) may nonetheless be excluded under the Rule 403 balancing test. *United States v. Montgomery*, 150 F.3d 983, 1000–01 (9th Cir. 1998). We have upheld admission of similar prior conduct against Rule 403 challenges where the district court engaged in the requisite balancing and gave an appropriate limiting instruction. *See United*

*States v. Howell*, 231 F.3d 615, 629 (9th Cir.2000).

Here, the district court complied with our precedents. First, the court correctly admitted evidence of Rojas' prior counterfeiting crimes, because it was probative of his knowledge and intent in committing the crime. To convict Rojas of passing counterfeit currency in violation of 18 U.S.C. § 472, the government had to prove not only that Rojas passed counterfeit currency, but also that he acted with intent to defraud and with knowledge that the currency was counterfeit. After admitting the evidence under Rule 404(b), Judge Keller properly determined that the probative value of the evidence outweighed the prejudicial effect. Further, Judge Keller gave lengthy limiting instructions both at the time the evidence was admitted and at the close of trial. Thus the court properly admitted the prior bad acts evidence.

█ However, in final argument the government inappropriately referred to this evidence as proof of Rojas' guilt by suggesting that Rojas had a propensity to pass counterfeit currency. Despite the fact that defense counsel failed to object, the district court immediately instructed the jury on the proper scope of the evidence.

When misstatements occur in a closing argument, a trial judge can cure any possible prejudicial effect by "quickly, emphatically, and appropriately" issuing curative instructions. *United States v. Alvarado*, 838 F.2d 311, 317 (9th Cir.1987). Judge Keller's clear, forceful limiting instructions regarding the permissible purpose for which the jury could consider prior conduct evidence cured any harm.

**AFFIRMED.**